# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer Lynn Garland, : 
                    Appellant : 
                    : 
           v. : No. 733 C.D. 2017
                    : SUBMITTED: January 5, 2018
Commonwealth of Pennsylvania, : 
Department of Transportation, : 
Bureau of Driver Licensing : 

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**            **FILED: February 26, 2018**

       Jennifer Lynn Garland (Licensee) appeals from an order of the Court of Common Pleas of Dauphin County (trial court) denying her statutory appeal and reinstating the one-year suspension of her operating privilege imposed by the Department of Transportation, Bureau of Driver Licensing (Department) for refusing to submit to chemical testing pursuant to Section 1547(b)(1)(i) of the Vehicle Code (Code), *as amended*, 75 Pa. C.S. § 1547(b)(1)(i), commonly referred to as the Implied Consent Law.[1] On appeal, Licensee argues that we should reverse

---

[1] Section 1547(b)(1)(i) proides, in pertinent part, as follows:

         (1) If any person placed under arrest for violation of section 3802 [relating to driving under influence of alcohol or controlled substance (DUI)] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice

her suspension because the trooper by virtue of his use of the Department's new DL-26B form did not warn her in accordance with Section 1547(b)(2)(ii) of the Code, 75 Pa. C.S. § 1547(b)(2)(ii), that her refusal to submit to a blood test would subject her to enhanced criminal penalties under Section 3804(c) of the Code, 75 Pa. C.S. § 3804(c). In addition, she maintains that by using the new DL-26B form before the General Assembly amended the Code regarding enhanced criminal penalties in accordance with *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016),[2] the Department usurped the role of the legislature such that her suspension should not stand.[3] This Court, however, has already rejected arguments that the Department and the police had to continue to apply Section 1547(b)(2)(ii) until the General Assembly amended it. Accordingly, we affirm in accordance with *Garlick v. Department of Transportation, Bureau of Driver Licensing*, ___ A.3d ___ (Pa. Cmwlth., No. 48 C.D. 2017, filed January 3, 2018) (*en banc*), another case in which the twelve-month penalty provision found in Section 1547(b)(2)(i) was at issue.

Following *Birchfield* but before the General Assembly's July 2017 amendment of the Code, the following events occurred. While on patrol in

---

by the police officer, the department shall suspend the operating privilege of the person as follows:
    (i) Except as set forth in subparagraph (ii), for a period of 12 months.

[2] The Department redrafted its old DL-26 form in response to *Birchfield*, wherein the Supreme Court held that an individual's Fourth Amendment right to be free from unreasonable searches and seizures is implicated when he is subject to criminal penalties for refusing to submit to a warrantless request for a blood test following a DUI arrest. Accordingly, a state may not impose criminal penalties on a motorist for refusing a blood test requested under an implied consent law.

[3] In July 2017, the General Assembly amended Sections 1547(b)(2)(ii) and 3804(c) of the Code to clarify that enhanced criminal penalties could be imposed only for refusing to submit to "chemical breath testing," not blood testing. Sections 3 and 4 of the Act of July 20, 2017, P.L. 333. Section 3804(c) now provides that a licensee's punishment may be enhanced for refusing testing of his blood "pursuant to a valid search warrant." 75 Pa. C.S. § 3804(c).

September 2016, Pennsylvania State Trooper Zulick observed Licensee at 12:13 a.m. at her disabled vehicle and placed her under arrest for driving under the influence of alcohol or a controlled substance. Upon arrival at the central booking center, he requested that she submit to a chemical test of her blood and read her the new DL-26B form, thereby warning her that the Department would administratively suspend her driver's license for at least twelve months for refusing to submit to a blood test. He did not advise her, however, that she would be subject to enhanced criminal penalties upon refusal. Licensee refused and, consequently, the Department issued the notice of suspension at issue. Licensee appealed to the trial court, which held a hearing at which only Trooper Zulick testified. At the hearing, counsel for Licensee stipulated to the first element necessary for suspension[4] and the trooper credibly testified regarding the remaining elements.[5] Counsel for Licensee, however, made an argument regarding the trooper's use of the DL-26B form and his omission of the no-longer enforceable enhanced criminal penalty language. The trial court rejected Licensee's argument and upheld the suspension. Her timely appeal followed.

---

[4] (January 26, 2017, Hearing, Notes of Testimony (N.T.) at 11; Reproduced Record (R.R.) at 5d.)

[5] In order to sustain a suspension of a licensee's operating privilege under Section 1547, the Department must establish four criteria:

> 1) licensee was arrested for [DUI] . . . by a police officer who had reasonable grounds to believe that he was operating or in actual physical control of the movement of the vehicle while under the influence;
>
> 2) licensee was requested to submit to chemical testing;
>
> 3) licensee refused to submit to chemical testing; and
>
> 4) licensee was specifically warned that refusal would result in the suspension of his operating privilege.

*Kollar v. Dep't of Transp., Bureau of Driver Licensing*, 7 A.3d 336, 339 (Pa. Cmwlth. 2010).

As noted, this Court, *en banc*, has already rejected Licensee's position. Specifically, we stated: "Licensee's argument that his license must be reinstated because he was not warned that he would be subject to no longer constitutionally permissible enhanced criminal penalties for refusing blood testing is unpersuasive." *Garlick*, ___ A.3d at ___, slip op. at 13. Further, characterizing the argument as one that we could not countenance, we stated: "To put it simply, Licensee's argument encourages officers to violate licensees' *Fourth Amendment* rights thereby jeopardizing their criminal prosecutions in order to comply with Section 1547(b)(2)(ii) even though the criminal penalty in the warning is no longer enforceable and, therefore, no longer a consequence of refusing a blood test." *Id.*

Moreover, as the trial court aptly observed: "[Licensee's] appeal has nothing to do with the enhanced-penalties provision of Section 1547, nor does it have to do with the warning associated with the enhanced penalties that was previously contained in the old DL-26 form." (May 17, 2017, Opinion of Trial Court at 8-9.) To that end, it determined that the Commonwealth parties did everything required by Section 1547. Specifically, Trooper Zulick recited language from the DL-26B form warning Licensee of a minimum twelve-month license suspension for refusing to submit to chemical testing of her blood and, in response to the report of her refusal, the Department advised her that it was suspending her license for that time period. (*Id.* at 9.)

Accordingly, we affirm.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jennifer Lynn Garland, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 733 C.D. 2017 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing | : | |

# **O R D E R**

AND NOW, this 26th day of February, 2018, the order of the Court of Common Pleas of Dauphin County is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge